JOHN BOTKER v. THERON TOWNER, owner of the brig
"Benjamin L. Swan."

Putting into a port, through necessity, to make repairs, is not a "deviation" discharging seamen from their articles.

If the repairs can be made within a reasonable time, it is the duty of seamen to remain with the vessel, and they cannot allege unseaworthiness of such a temporary character, as an excuse for desertion.

The act of congress requiring shipping articles to be in writing or in print, does not require a formal signing thereof by the master. It is sufficient, in this respect, if they be signed by the "seamen and mariners."

If a seaman, after the voyage has been actually entered upon by him, seeks to excuse or justify his abandonment of the vessel before the voyage is ended, the burthen rests upon him to show that the act of congress was not complied with by the master in those particulars which are to be done after the due execution and delivery of the articles.

THIS action was commenced by attachment, in the Marine Court, by the assignee of a seaman, against the owner of a brig. The complaint alleged that the seaman, " on the 4th of August, 1853, shipped on board the 'Benjamin L. Swan,' at New Haven, for a voyage to divers ports and places, thence to the West Indies, thence to the port of Savannah, being a port of a discharge, where the voyage terminated by the vessel being unseaworthy, and where the plaintiff's assignor was in fact discharged by the master," and the plaintiff claimed judgment for a specified sum for wages. The defendant pleaded the general issue, and set up a desertion by the seaman, at Savannah, during the continuance of the voyage.

The grounds of the plaintiff's claim and the case established on the trial are stated in the opinion.

The court below rendered judgment for the plaintiff, from which the defendant appealed.

*Frederick R. Sherman*, for the defendant.

*Alanson Nash*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—I think this judgment should be reversed. The plaintiff's claim, as it appears by his complaint, proceeds upon one of three grounds.

First. That the voyage for which he shipped had terminated by reaching a port of discharge.

Second. That the master of the vessel discharged him at Savannah.

Third. That the vessel when at Savannah was unseaworthy, and the seamen were therefore not bound to return in her to New York.

The testimony does not exhibit any conflict or contradiction upon either of these grounds of claim. All the evidence is to the same effect so far as it bears upon these questions and concurs in disproving rather than establishing either of these grounds of recovery.

I. Savannah was not the port for which the ship with her cargo was bound, nor for which she cleared for the West Indies. That port was not visited voluntarily for any purpose. Being dismasted in a gale, the ship, through necessity, put into Savannah for repairs. This was no deviation and did not operate as a termination of the voyage, nor was any deviation alleged as a ground for claiming a discharge.

II. The proof is positive and uncontradicted that the captain did not discharge the seaman, but did all that he could to induce him to continue in the performance of his duty.

III. The proof is equally clear that the ship was seaworthy, and was so pronounced upon the survey had in Savannah, upon which it was certified that she was in a fit and suitable condition to continue her voyage with safety, and of this there is no contradiction.

This case, therefore, upon either of these grounds, does not present an example of a finding by the court below upon a question of fact upon doubtful or conflicting evidence. There is here no contradictory testimony, but the plaintiff wholly failed to establish either fact upon which in his complaint he claimed to recover. This case was entirely without evidence to support it in these particulars.

Failing to establish the grounds of recovery upon which his complaint in the court below rests his claim, the plaintiff now insists that there were formal defects in the manner by which he shipped for the voyage, by reason of which he was at liberty to terminate his service when and where he pleased, and that he is not liable to the penalty for desertion upon which the defendant relies.

First. That the captain of the vessel did not sign the shipping articles. It is sufficient to dispose of this by saying that the act of congress, which requires that there should be an agreement in writing or in print, only requires that it should be signed by the "seamen and mariners." Its execution and delivery by them and its acceptance by the master, and his going to sea in pursuance thereof, made it good and sufficient evidence for their protection for all the purposes contemplated by the act.

Second. The plaintiff insists, but did not prove or attempt to prove on the trial, that the collector of the port of New York did not deliver to the captain at the time of the clearance of the vessel for her voyage, a certified copy of the shipping articles nor a duplicate list of the crew; and that the defendant has not shown that the original shipping articles were deposited in the custom-house.

The plaintiff having himself, by his own evidence on the trial, proved a contract, by which he was bound to return with the ship to New York; and having wholly failed to show any justification for his abandoning the vessel at Savannah, had himself the burthen of proving that the defendant was in default in these particulars, but neither offered nor attempted to do so. On the contrary, in respect to the shipping articles, the very paper which the plaintiff himself gave in evidence is certified to be a copy of the original, on file in the office of the collector of this port. It is not for the plaintiff now to object that his own evidence was not properly authenticated. But besides this, where no such ground of invalidity is alleged against the contract of shipment in the complaint or otherwise, the defendant may safely rely upon the presumption that the

collector, in granting the vessel a clearance, performed the duty imposed upon him by the act of congress, by giving to the captain the proper papers, unless and until the plaintiff, seeking to avoid the seaman's own contract, gives some evidence to the contrary.

And this disposes of the objection that the defendant did not prove that the captain gave the proper bond when the vessel was cleared.

In my opinion the judgment should be reversed.

Judgment reversed.